In re Assigned Estate of Amanda M. Clemens. Appeal of The Fidelity Insurance, Trust & Safe Deposit Company, Trustee of Amanda M. Clemens.

*Trusts and trustees—Mortgage—Payment.*

A trustee under a spendthrift trust invested a portion of the trust funds in a mortgage upon real estate owned by the cestui que trust. The cestui que trust, who was a woman, subsequently made an assignment for the benefit of creditors. It appeared that the income of the trust estate was paid to the cestui que trust with the interest money charged against her; that of this and of the nonpayment of interest by the assignee she had full knowledge; that she was not ignorant of business matters and had had large experience as to banking and commercial transactions; that she scrutinized the accounts of her trustee and knew every item charged against her, and that she acquiesced in the interest being charged against her in the trustee's account. *Held,* that the trustee could not claim any interest on the mortgage out of the cestui que trust's assigned estate.

Argued March 30, 1896. Appeal, No. 86, Jan. T., 1896, by Fidelity Ins. Trust & Safe Deposit Co., Trustee, from order of C. P. No. 3, Phila. Co., June T., 1886, No. 840, dismissing exceptions to auditor's report. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.

The Fidelity Insurance, Trust & Safe Deposit Company was trustee for Mrs. Clemens, the assignor in this case, under a spendthrift trust. As such trustee it had, prior to the assignment, invested a portion of the trust funds in a mortgage upon real estate owned by Mrs. Clemens.

The practice of the trustee and cestui que trust was virtually an exchange of receipts. Mrs. Clemens, as a mortgagor and terre tenant, made no actual payment of interest to her trustee,

but was charged with it on the trustee's books, which were balanced by a corresponding credit.

The auditor, James MacCain, Esq., reported as follows:

Richardson L. Wright, Jr., Esq., presented the claim of the Fidelity Insurance, Trust & Safe Deposit Company, trustee, under the will of Benjamin Davis, deceased, for Amanda M. Clemens, to recover interest on a bond and mortgage for $7,500, secured against premises No. 1701 Mount Vernon street, Philadelphia, from June 29, 1886, until June 29, 1893.

Amount of interest claimed, $2,625.

Prior to 1886, Amanda M. Clemens was owner of premises 1701 Mount Vernon street, and in December, 1883, executed a bond and mortgage thereon for $7,500 to the claimant, the Fidelity Insurance, Trust & Safe Deposit Company, trustee as aforesaid.

On July 29, 1886, she conveyed said premises, inter alia, to D. R. Patterson, as assignee for the benefit of her creditors, subject to said mortgage.

On August 21, 1893, the assignee sold the said premises subject to said mortgage. These facts appeared in the testimony of Mr. Wright and Mr. Patterson before the auditor. It further appeared from their testimony and the account books of claimants that Amanda M. Clemens had collected some $700 of the estate due the assignee and had retained the same. She also occupied a dwelling house in Bristol, Bucks county, Pennsylvania, belonging to the assigned estate, on which she paid the taxes and interest on mortgage thereon, but failed to pay any rent. That house was worth in rent about $100 per year more than the sums she paid on and for it.

Under the will of Benjamin Davis, Mrs. Clemens is entitled to receive the income from the trust in the hands of the Fidelity Trust Company, and therefore was entitled to receive the interest on the said $7,500 mortgage.

For the reasons mentioned above the assignee did not pay any of the interest on the said mortgage to said Trust Company, as mortgagee, nor to Mrs. Clemens, and the Trust Company, as trustee, did not collect the said interest from the assignee.

It appeared from the account books of the Trust Company, trustee, that they had a trust account with Mrs. Clemens in

which they debited all income due her, and credited payments to her and other credits pertaining thereto. Prior to her assign- ment in 1886 the interest on the $7,500 mortgage had been debited in her account as if received and credited as if paid her, the credit entry each six months being stated as follows : "Credit to adjust interest, per contra, $187.50." No money actually passed. After the assignment and until the property was sold in 1893, the same course of debit and credit was pur- sued, and the books of the Trust Company do not show any interest due them on this mortgage. The income was paid Mrs. Clemens with this interest money charged against her. Of this and of the nonpayment of interest by the assignee Mrs. Clemens had full knowledge, and by her silence and passiveness she ratified and approved the acts of her trustee.

She voluntarily paid the debt, but she did so for her own per- sonal benefit. She opposed the foreclosure of the mortgage, because she knew the real estate market was not good, and desired the property to be held by the assignee subject to the mortgage, so that at a future time a larger price could be ob- tained, and in pursuance of such course never demanded the interest from the assignee, and acquiesced in being charged by her trustee with it. Of course, she had a right so to do. The money obtained by the assignee out of the property helped to pay the debts due by her to her creditors, and so relieved her from debts by her created.

Mrs. Clemens is not ignorant of business matters. She has had large experience both as to banking transactions and com- mercial transactions, and it appeared from the testimony she scrutinized the accounts of her trustee and knew every item charged against her.

She was living in a house belonging to her assigned estate, on which she paid certain sums, at least $100 less than the rent would produce.

She had improperly collected and retained some $700 belong- ing to her assigned estate.

She had hoped the mortgaged premises would bring several thousand dollars more at a future time than it would bring when she opposed its sale.

For these reasons, sufficient unto herself, she voluntarily paid this interest money, when year after year she acquiesced

in its being charged against her, and received the balance remaining due her, never demanding it of her trustee nor of the assignee.

There is, however, no money due the trustee on this mortgage; its books show it is paid. It can only claim the payment once to it, and having received that from Mrs. Clemens, cannot legally demand its payment from any other party. When the property was sold it gave a certificate that nothing was due for interest on it, and it did not do so accidentally. No fraud or mistake induced that action. It did so voluntarily, having been paid what was due to it for interest. It freely certified to that fact. The auditor, therefore, is unable to see from the evidence in this case that any interest is due by the assignee on the $7,500 mortgage. On the contrary, the evidence shows that the Fidelity Company, as trustee, has no claim whatever. The interest money was paid it voluntarily by Mrs. Clemens, who had good legal, moral and equitable reasons for so doing; its books show full payment of it to it. For these reasons the claim is disallowed.

The court dismissed exceptions to the auditor's report.

*Errors assigned* were in dismissing exceptions to auditor's report.

*E. O. Michener*, *Jacob Snare* with him, for appellant.—An action for money had and received is an equitable action and is used to enforce equitable rights. A court of common law may sustain this action whenever one man has money that another ought to have: Moses v. McFerlan, 2 Burr, 1005; Lee v. Gibson, 14 S. & R. 105.

Money may be recovered in this action whenever defendant ex aequo et bono ought to pay it: Jack v. Morrison, 48 Pa. 117; Bank v. McCall, 3 Binney, 337; Lestapies v. Ingraham, 5 Pa. 71.

*Henry T. Dechert*, *John M. Gest* with him, for appellee.

PER CURIAM, April 13, 1896:

The facts found by the auditor in the court below upon ample testimony, fully justified his conclusion that there is no money due to the appellant on the mortgage in question. The course

of dealing between the appellant and the assignor, by which the latter was charged on the books of the appellant with each year's interest which she owed as mortgagor to the appellant as mortgagee, and at the same time crediting her with the same interest which they owed her under the trust created by her husband's will, was fully acquiesced in by the assignor for a number of years, and was practically continued as well after as before the assignment. Having received the interest in this way once they cannot claim it again. The assignments of error are not sustained.

Decree affirmed and appeal dismissed at the cost of the appellant.